387 P.2d 554

**Annette HARROP, Plaintiff and Respondent,**

**v.**

**Alfred BECKMAN, Defendant and Appellant.**

No. 9868.

Supreme Court of Utah.

Dec. 18, 1963.

---

3. 6 A.L.R.2d 1053, at 1067; A.L.R.2d Supplement, 1962, at 169.

John H. Allen, Salt Lake City, for respondent.

McDONOUGH, Justice.

Defendant appeals from a jury verdict and judgment for plaintiff.

The accident which gave rise to this suit occurred on July 24, 1958, at the East Canyon Reservoir in Salt Lake County. Plaintiff, while water skiing behind the boat of Robert Carman, was dislodged from her skis and fell into the water. Approximately one minute later, while in the process of retrieving the skis, which were about 15 feet apart, plaintiff was struck by the defendant's boat. Plaintiff was about 80 feet away from defendant when he first saw her. He immediately swung his boat to the left and cut the engine, but nevertheless struck her. At the time of the accident defendant had two persons in the boat with him and was towing one skier.

Two issues submitted to the jury and their respective answers were:

Proposition 1: The defendant was negligent in not keeping a proper lookout. *Yes.*

Proposition 2: The plaintiff was contributorily negligent while she was in the water by not keeping a proper lookout. *No.*

R. Verne McCullough, Salt Lake City, for appellant.

Defendant's appeal consists of three points, to-wit: (1) the plaintiff was contributorily negligent as a matter of law, (2) the evidence does not support a finding that the defendant was negligent, and (3) the trial court erred in refusing to give defendant's requested instruction on assumption of risk.

An examination of the record reveals that the questions of defendant's neglect and plaintiff's contributory negligence were properly submitted to the jury, and there is sufficient evidence to sustain the jury's verdict as to both.

It is true, as contended by the defendant, that the doctrine of "Assumption of Risk" is recognized in this state. However, in the case at bar, though the plaintiff may have assumed the normal risk incident to skiing on the water behind the Carman boat, she did not assume the risk of an independent act of negligence by the defendant. See Johnson v. Maynard, 9 Utah 2d 268, 342 P.2d 884 and Nugen v. Hildebrand, W.Va., 114 S.E.2d 896. Therefore, the trial court's refusal to submit the instruction regarding assumption of risk was proper.

Affirmed. Costs to respondent.

HENRIOD, C. J., and CROCKETT, CALLISTER and WADE, JJ., concur.